J-S09042-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ERIC BENEFIELD, | |
| Appellant | No. 1221 EDA 2016 |

Appeal from the Judgment of Sentence April 6, 2016
in the Court of Common Pleas of Chester County
Criminal Division at No.: CP-15-CR-0003388-2015

BEFORE:  SHOGAN, J., STABILE, J., and PLATT, J.[*]

JUDGMENT ORDER BY PLATT, J.:                    **FILED APRIL 21, 2017**

Appellant, Eric Benefield, appeals *pro se*[1] from the judgment of sentence[2] imposed following his negotiated, counseled guilty plea to obstructing administration of law or other governmental function, 18 Pa.C.S.A. § 5101.  Appellant has waived all claims.  We dismiss.

West Chester police arrested Appellant after he interfered with the tow away of his BMW as abandoned, after notice, because it was not validly registered and failed to display an appropriate registration or inspection

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] After a hearing, the trial court determined that Appellant's request to proceed *pro se* was knowing, voluntary and intelligent.  (**See** N.T. Hearing, 7/07/16, at 10; Order, 7/08/16); **see also Commonwealth v. Grazier**, 713 A.2d 81, 82 (Pa. 1998).

[2] The court sentenced Appellant to time served with immediate parole.

sticker. (**See** Affidavit of Probable Cause, 9/16/15). Appellant got between the tow truck and the car, refused to move or be removed, refused to be handcuffed, and was finally tased into submission before arrest.

On appeal, Appellant's court-ordered statement of errors fails to identify the legal basis for his claims of lack of jurisdiction, sufficient to enable meaningful review.[3] (**See** Concise Statement of Errors, 5/03/16). To the extent they can be discerned at all, they are facially frivolous.[4] Accordingly, all issues are waived. **See** Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.").

Additionally, Appellant has failed to ensure the inclusion of the transcript of proceedings before the trial court. (**See** Trial Court Opinion, 5/06/16, at 1). This makes meaningful review impossible. "The law of Pennsylvania is well settled that matters which are not of record cannot be

---

[3] We note that "[i]ssues pertaining to jurisdiction are pure questions of law, and an appellate court's scope of review is plenary. Questions of law are subject to a *de novo* standard of review." **Robert Half Int'l, Inc. v. Marlton Technologies, Inc.**, 902 A.2d 519, 524 (Pa. Super. 2006) (*en banc*) (citations omitted).

[4] Inclusion of additional materials in the record, such as Appellant's frivolous IRS filings against Chief Justice Saylor, and Chester County President Judge Jacqueline Carroll Cody, not to mention claims that Barack Obama was not really the president of the United States, but an employee of a corporation owned by the Vatican, do not enhance the credibility of Appellant's argument, or the merits of his claims.

considered on appeal." ***Commonwealth v. Preston***, 904 A.2d 1, 6 (Pa. Super. 2006), *appeal denied*, 916 A.2d 632 (Pa. 2007).

Finally, Appellant's substitute for a brief is non-compliant, fails to present a cognizable claim for appellate review, and is often simply incoherent. (***See*** Averment of Fact to Stand as Brief, 11/21/16). It is well-settled that "this Court may quash or dismiss an appeal if an appellant fails to conform with the requirements set forth in the Pennsylvania Rules of Appellate Procedure." ***Commonwealth v. Lyons***, 833 A.2d 245, 252 (Pa. Super. 2003), *appeal denied*, 879 A.2d 782 (Pa. 2005) (citation omitted); ***see also*** Pa.R.A.P. 2101.

Appellant's arguments are defective, frivolous, and would not merit relief.

Appeal dismissed.
Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/21/2017